UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL COTTER, | )   Criminal No. 2:22-cr-00109 |
| Defendant. | ) |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case involves an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed.  *See* 18 U.S.C. § 3142(f)(1)(C).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure the safety of any other person and the community.

3. <u>Rebuttable Presumption</u>.  The government invokes the rebuttable presumption of detention because the Grand Jury has returned an indictment charging the defendant with a violation of 21 U.S.C. § 846.  *See* 18 U.S.C. § 3142(e); *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985) (when probable cause has been established by a grand jury's indictment that the defendant has committed a violation of the Controlled Substances Act carrying a potential penalty of 10 years or more in prison, a rebuttable presumption exists that a defendant ought to be detained pending trial).

4. <u>Time For Detention Hearing</u>.  The United States requests a continuance of up to three days pursuant to 18 U.S.C. § 3142(f)(2) to give the U.S. Probation Office sufficient time to complete its pretrial services investigation and report.

5. <u>Other Matters</u>.  The Defendant is charged in a conspiracy to distribute controlled substances in the District of Vermont, specifically Springfield, Vermont, and elsewhere.  The Government's evidence demonstrates that the defendant travelled to Massachusetts to pick up controlled substances to transport to the District of Vermont.  Specifically, on October 10, 2022, the Massachusetts State Police (MSP) stopped a vehicle on Route 91 North in Northampton, Massachusetts, for a traffic violation.  MSP identified the defendant as the passenger in the vehicle.  The vehicle was registered to one of Cotter's relatives.  The MSP officer conducting the stop noticed that Cotter was not wearing a seatbelt and upon further investigation observed suspected crack cocaine in the vehicle as he spoke to Cotter.  A subsequent search of the vehicle yielded a small amount of crack cocaine on the front driver's seat and approximately 1000 bags of suspected heroin/fentanyl in the center console.  Cotter and the driver were arrested and transported to the MSP Barracks in Northampton, Massachusetts.

On the evening of October 10, 2022, investigators interviewed the defendant at the MSP barracks.  Cotter was read his *Miranda* warnings and advised law enforcement that he understood his rights.  Cotter then signed a waiver of his rights and agreed to speak to investigators.  The interview was recorded.  In substance, Cotter told law enforcement that he made the trip to Massachusetts to pick up drugs to then bring back to Springfield, Vermont.  Cotter stated he was not aware of what type of narcotics he would be picking up.  Cotter stated that he and the driver then began to travel back to Vermont via Interstate 91 when they were stopped by the police.  Cotter stated he had conducted numerous trips like this in the past in furtherance of the drug

conspiracy. The defendant was later released from police custody.

Not six weeks after his arrest in Massachusetts, on November 17, 2022, the defendant sold controlled substances to a confidential informant ("CI") who was working at the direction of law enforcement. More specifically, in Springfield, Vermont, the defendant sold 750 bags of suspected fentanyl to the CI in a recorded transaction. Law enforcement field tested the suspected drugs, and the materials tested presumptively positive for fentanyl.

The defendant's criminal history includes, among other convictions, a 2014 conviction from the State of New Hampshire for Transport of Drugs in a Motor Vehicle. This prior drug trafficking conviction establishes the defendant's previous involvement in narcotics sales. That, conviction, coupled with the evidence in the instant case, demonstrates the defendant's danger to the community based on his inability to refrain from drug trafficking. *See United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) (danger to the community includes "the harm to society caused by [the likelihood of continued] narcotics trafficking"). Accordingly, pre-trial detention is needed to protect the public from the defendant's continued drug trafficking.

6. <u>Government's Evidence at the Detention Hearing</u>. The Government reserves the right to supplement this motion with exhibits and additional evidence at a detention hearing(s).

For the foregoing reasons, the government respectfully submits that detention is the only way to reasonably assure the safety of the community. Accordingly, the Court should order the defendant's pretrial detention.

Dated at Burlington, in the District of Vermont, January 9, 2023.

        Respectfully submitted,

        NIKOLAS P. KEREST
        United States Attorney

By:    *Zachary B. Stendig*
        Zachary B. Stendig
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725